## ANNA BOWMAN BROGARD
*vs.*
## MICHAEL BROGARD

Superior Court        Hartford County        File No. 51759

MEMORANDUM FILED NOVEMBER 21, 1939.

*Rourke & Hanrahan,* of Hartford, for the Plaintiff.

*Richard H. Deming,* of Hartford, for the Defendant.

BOOTH, J. The plaintiff and defendant were married on January 6, 1934. At the time of their marriage the plaintiff was 33 years of age and the defendant was 61. For about a year there were no serious difficulties between the parties, although apparently the defendant's ardor for married life cooled

considerably and his standard of conduct toward his wife deteriorated. This deterioration exhibited itself by frequent intoxication in her presence and in the presence of her young daughter, by wrongfully accusing her of extravagance, by hostile conduct toward her daughter, by relating salacious stories in the presence of the plaintiff and her daughter, by filthy table manners in their presence and by threats of violence toward the plaintiff.

When she was ill he accused the plaintiff of feigning, accused her of being insane and threatened to have her committed to an institution for the insane.

On one occasion he threatened to throw her down the cellar stairs.

In the early part of 1935 he threatened to kill her and chased her from her home at night, as a result of which she repaired to the house of a neighbor for protection. Shortly thereafter he ordered her from the house, chased her down the road, shook his fist at her and threatened her life.

On several occasions he threatened to get rid of her and stated that his marriage to the plaintiff was the great mistake of his life.

This and other conduct of the defendant toward her had a serious effect upon the physical and mental condition of the plaintiff. She became exceedingly nervous and mentally upset. She suffered from hysteria, lost weight and was required to seek medical treatment.

On April 15, 1935, the plaintiff complained to the Connecticut Humane Society concerning the defendant's treatment of her. On April 23, 1935, an agent of this society investigated the complaint and during the course of his investigation consulted with the plaintiff. During this consultation the separation of the plaintiff and the defendant was discussed and the plaintiff suggested that if the defendant would allow her to have some of her wedding presents and would pay her board, she would leave his house and reside with her mother in Hartford. The investigator then consulted with the defendant and related to him the above suggestion. Whereupon the defendant agreed to pay the plaintiff $10 weekly for her support and allow her to take her wedding presents, provided she would leave the home. This agreement the investigator communicated to the plaintiff.

At noontime of the following day, April 24, 1935, the defendant informed the plaintiff that the sooner she left the better he would like it. At 5:30 p.m. of the same day he gave the plaintiff $10 for her support, taking from her a receipt therefor, and ordered her to leave the house before he returned from Unionville that evening, at the same time threatening that if she did not go, he would put her out. Thereupon the plaintiff removed from the home to the home of her mother in Hartford, where she has since lived.

Since her removal the defendant, notwithstanding his agreement to pay her $10 weekly, sent the plaintiff but $7 weekly for a period of three months only. Since July 26, 1935, the defendant has given the plaintiff nothing, nor has he in any way contributed to her support, and she has since been supported solely by her brother.

Up to October 19, 1935, the defendant continued in an employment where he had been engaged for the past 14 years and received during this latter period the sum of $100 monthly as wages.

On October 19, 1935, the defendant received an injury which subsequently caused the loss of one of his legs, and since that time he has been unable to work. His condition is such that he probably will not be able to engage in gainful pursuits during his lifetime.

It is conceded, however, that the defendant is possessed of real estate, mortgages and cash of the value of $14,733.47, and that from the date of his injury up to the present time has received from his former employer the sum of $200 annually by way of a gratuity.

From the above and all of the other evidence in the case it is a conclusion of the court that the defendant's claim in his cross complaint for a divorce on the ground of desertion has not been established, nor has the claim of the plaintiff in her complaint that the defendant was habitually intemperate, as that term is legally defined. It is, however, the court's conclusion that the defendant was guilty of such intolerable cruelty toward the plaintiff as to entitle her to a divorce therefor.

In fixing the amount of alimony in the case the court is not unmindful that the accumulated estate of the defendant was largely due to his sole efforts and was not materially increased

by any effort on the part of the plaintiff during the 15 months of their married life. The court has also duly considered the probable future needs, the physical condition of the respective parties and the probabilities of their future abilities to engage in some type of remunerative employment.

It is accordingly adjudged that a decree of divorce be entered for the plaintiff upon the issues of her complaint, in so far as it relates to the charge of intolerable cruelty on the part of the defendant; that the plaintiff be awarded, by way of alimony, the sum of $2,500, to be paid by the defendant in a lump sum out of his estate, and that the cross complaint of the defendant be dismissed.

During the course of the trial and about midway between the start and conclusion thereof the plaintiff filed a motion for allowance for counsel fees to prosecute her action. It is evident that her counsel has freely given to his client the benefit of efficient and painstaking service and should receive substantial compensation therefor. It is also evident that up to the present date the plaintiff has been financially unable to properly compensate him for such service and that the defendant possesses sufficient financial resources. Notwithstanding all this the plaintiff has not been deprived of her rights by reason of her financial lack, for true to the character of her counsel as known to the court, her case has been ably and fully presented.

The basis of such an allowance is to prevent a deprivation of her rights by reason of her lack of funds, which may be supplied from property in which she has an interest but which is in the control of her husband. *Steinmann vs. Steinmann,* 121 Conn. 498.

There is no such deprivation of rights in this case and consequently the motion as made is hereby denied.